UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SERITA COLES,

                      Plaintiff,

                -against-

COMMISIONER OF SOCIAL SECURITY,

                   Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-6119 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Serita Coles ("Plaintiff") filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title VI of the Social Security Act, *id.* §§ 13381-1383f.  Compl., ECF 1, at 1.[1] Before the Court are the parties' cross-motions for judgment on the pleadings.[2]  Plaintiff seeks an order: (1) finding that Plaintiff is entitled to DIB and SSI benefits under the Social Security Act; (2) reversing and remanding this matter for the purpose of calculating benefits, or in the alternative, for further administrative proceedings; (3) awarding attorney's fees pursuant to the Equal Access to Justice Act; and (4) granting such other relief as this Court deems just and proper.  Compl. at 1-2.  Defendant seeks an order affirming the Commissioner's decision.  Def.'s Mem. at 25.

---

[1] While the Complaint references SSI, that claim will not be addressed because Plaintiff did not seek SSI benefits in her May 19, 2022 application for benefits and Plaintiff makes no mention of such benefits in her motion papers.

[2] Plaintiff's Memorandum of Law in Support of Motion for Judgment on the Pleadings ("Pl.'s Mem."), ECF 9-1; Defendant's Memorandum of Law in Opposition and in Support of Cross Motion ("Def.'s Mem."), ECF 12-1.

Having considered the parties' pleadings, briefs, and the administrative record ("AR"),[3] ECF 7, Plaintiff's motion is granted, the Commissioner's motion is denied, and this case is remanded for further proceedings.

## BACKGROUND

### A. Plaintiff's Disability Insurance Benefits Application

Plaintiff applied for DIB on May 19, 2022, alleging that she had been unable to work since January 1, 2021, due to a disability.  AR 220.  Plaintiff's application was denied on August 5, 2022, AR 104, and denied again on reconsideration on November 15, 2022, AR 117.  Plaintiff filed a request for a hearing on November 22, 2022, AR 126, and Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") on June 7, 2023, AR 30-68.  The ALJ issued an unfavorable decision on October 24, 2023, finding that Plaintiff was not disabled.  AR 12-29.

### B. The Administrative Law Judge's Findings

On October 24, 2023, the ALJ issued a decision denying Plaintiff's application for DIB.  AR 15-25.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2021, the alleged disability onset date.  AR 17.  At step two, the ALJ determined that Plaintiff had the following severe impairments: Lyme disease; neuropathy; major depressive disorder; and panic disorder.  AR 18.  At step three, the ALJ found that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the criteria for any impairments listed in in 20 C.F.R. Section 404, Subpart P, Appendix 1.  AR 18.  The ALJ then determined that Plaintiff retained the RFC to perform a reduced range of light work:

> She can lift/carry 20 pounds occasionally and 10 pounds frequently.  During an eight-hour workday, she can sit for six hours and stand/walk for six hours.  She can frequently reach, handle, finger, and feel.  She can occasionally operate foot controls and push/pull bilaterally.  She can occasionally climb ramps/stairs.  She cannot climb ladders/ropes/scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl.

_____

[3] All page numbers cited in the AR refer to the bold Bates stamp at the bottom right corner of the page.

She cannot be exposed to hazards, such as unprotected heights, dangerous machinery, or operation of a motor vehicle. She can understand, remember, and carry out simple instructions. She cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas. She can occasionally interact with supervisors, coworkers, and the public. She can tolerate occasional changes in a routine work setting. She should avoid concentrated exposure to atmospheric conditions as defined by the Selected Characteristics of Occupations.

AR 20. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.

AR 24. At step five, the ALJ found that Plaintiff was able to perform work existing in significant numbers in the national economy that she can perform. AR 24. Accordingly, the ALJ concluded that Plaintiff was not disabled and, therefore, not eligible for DIB under the Act from January 1, 2021, through October 24, 2023, the date of the ALJ's decision. AR 25. The Social Security Appeals Council denied Plaintiff's request for review on July 5, 2024, making the ALJ's decision the final decision of the Commissioner. AR 1.

## LEGAL STANDARDS

### A. Scope of Judicial Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure should be granted if under the pleadings "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995). The Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand for further development of the record is appropriate. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks and citation omitted).

The Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a preponderance but "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the Commissioner's findings were based on substantial evidence, the Court must ascertain whether the agency considered all evidence in the case record to reach its findings. 20 C.F.R. § 404.1520(a)(3). The Court "is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "However, the Court is mindful that 'it is up to the agency, and not this [C]ourt, to weigh the conflicting evidence in the record.'" *Lebby v. Comm'r of Soc. Sec.*, 20-CV-4760 (PKC), 2022 WL 580983, at *7 (E.D.N.Y. Feb. 24, 2022) (alteration in original) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). The Court does not decide the case *de novo*, instead, the Commissioner's factual findings are final if supported by substantial evidence. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002) ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citations omitted).

Although a "claimant has the general burden of proving that he or she has a disability within the meaning of the Act," *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (citing *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)), "[b]ecause a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record," *id.* (alteration in original) (quoting *Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999)); *see also Yucekus v. Comm'r of Soc. Sec.*, 829 F. App'x 553, 558 (2d Cir. 2020) ("[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel[.]" (alterations in original) (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999))); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 n.1 (2d Cir. 2013) ("Unlike a judge at trial, the ALJ has a duty to 'investigate and develop the facts and develop the arguments both for and against the granting of benefits.'" (quoting *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011))).

**B. Determining Disability at the Administrative Level**

DIB are available to individuals who are disabled. A person is disabled if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

ALJs employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until they reach a determination. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ considers the claimant's work activity. *Id.* If the claimant is performing substantial gainful activity, then the claimant is not disabled. *Id.*

At step two, the ALJ determines whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-

month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments that meets the durational requirement, then the claimant is not disabled. *Id.*

At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the SSA that defines impairments that are of sufficient severity as to prevent any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment meets a definition on the list, then the ALJ will find the claimant disabled. *Id.* If not, the ALJ proceeds to step four. *Id.*

At step four, the ALJ evaluates the claimant's past relevant work and determines the claimant's "residual functional capacity" ("RFC"), which is defined as "the most [the claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1); *see* 20 C.F.R §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Work is past relevant work if the claimant performed the work within the past 5 years, the work qualifies as substantial gainful activity, and the work lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b)(1)(i), 416.960(b)(1)(i). If the claimant's RFC permits them to perform past relevant work, they are not disabled. *Id.* §§ 404.1560(b)(3), 416.960(b)(3).

If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(v). While the claimant bears the burden of proof during the first four steps, at step five "the burden shifts to the Commissioner to demonstrate that there are jobs in the national economy that the claimant can perform." *Nieves v. Comm'r of Soc. Sec.*, 20-CV-8873 (SLC), 2022 WL 951107, at *7 (S.D.N.Y.

Mar. 30, 2022) (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)).  Claimants who can

perform such jobs are not disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### DISCUSSION

The parties' motions primarily turn on whether the ALJ's RFC determinations were

supported by substantial evidence.  The ALJ determines a claimant's RFC between steps three and

four.  *See Fontanez v. Colvin*, 16-CV-01300 (PKC), 2017 WL 4334127, at *19 (E.D.N.Y. Sept.

28, 2017).  A claimant's RFC represents a finding of the range of tasks she can perform

notwithstanding the impairments at issue.  *See* 20 C.F.R. § 416.945(a); *Tankisi*, 521 F. App'x at

33 (summary order).  To properly ascertain a claimant's RFC, an ALJ must assess plaintiff's

exertional capabilities, such as her ability to sit, stand, walk, lift, carry, push, and pull.  *See* 20

C.F.R. § 416.945(b).  Nonexertional capabilities, including impairments that result in postural and

manipulative limitations, must also be considered.  *See id.*

An RFC determination represents the "nature and extent" of a claimant's physical and

mental limitations and capacity for work on a regular and continuing basis.  20 C.F.R. §

404.945(b)-(c).  For example, with respect to a claimant's physical abilities, "a limited ability to

perform certain physical demands of work activity, such as sitting, standing, walking, lifting,

carrying, pushing, pulling or other physical functions (including manipulative or postural

functions, such as reaching, handling, stooping or crouching), may reduce [a claimant's] ability to

do past work and other work."  *Id.* § 404.945(b).  With respect to a claimant's mental abilities, an

RFC determination, "limitations in understanding, remembering, and carrying out instructions, and

in responding appropriately to supervision, coworkers, and work pressures in a work setting, may

reduce [a claimant's] ability to do past work and other work."  *Id.* § 404.945(c).

As with other steps of the ALJ's evaluation, the determination must be made by "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see* 20 C.F.R. § 416.945(a)(3). Specifically, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945.

The Court addresses each of Plaintiff's RFC arguments in turn.

### 1. Physical RFC

Plaintiff challenges the ALJ's determination of her physical RFC as unsupported by medical opinion. Pl.'s Mem. at 9-12. Specifically, Plaintiff asserts the ALJ rejected the opinions of Dr. Mendonca and Dr. Shahinian, the state agency medical consultants who reviewed Plaintiff's medical records and opined on her RFC. *Id.* at 9; *see* AR 22. Plaintiff argues that by failing to order a consultative examination, the ALJ created a gap in the record and impermissibly based the RFC findings solely on his own interpretation of raw medical data. *Id.* at 9-12. This, Plaintiff asserts, "was reversible error because the medical record establishes consistent complaints of chronic pain" and other "physical limitations central to this case." *Id.* at 11-12.

The Commissioner argues in opposition that a consultative examination was not required because the ALJ based his determination on sufficient evidence in the record, including treatment notes and physical examination findings. Def.'s Mem. at 15, 17. The Commissioner also asserts that the ALJ did not outright reject the Dr. Mendonca and Dr. Shahinian's opinions but found that they overstated Plaintiff's abilities. In effect, the Commissioner argues, the ALJ's finding that Plaintiff could perform *at least* an RFC less than that contained within the medical opinion was based upon medical, not lay evidence – and, together with other relevant evidence in the record,

was based upon substantial evidence. *Id.* at 16 (citing *Ramsey v. Comm'r of Soc. Sec.*, 830 Fed. App'x 37, 39 (2d Cir. 2020) (summary order); *Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016)).

In making his physical RFC determination, the ALJ was "not persuaded" by the RFC determinations in the record by state agency medical consultants, finding that the determinations that Plaintiff was able to perform medium physical exertion, including lifting up to 50 pounds occasionally, was not consistent with the overall record. AR 22. Those exams constitute the only evidence in the record opining on Plaintiff's physical functional limitations. Instead of accepting the medium physical exertion RFC, the ALJ concluded that Plaintiff was capable of light physical exertion based upon her medical records, *see* AR 21-22 (citing Exhibits 1F-4F, 8F), which include neurologic examinations generally noting normal gait and adequate strength in upper and lower extremities, *see e.g.*, AR 331, 342, 367, 398, 399, 404, 529, as well as Plaintiff's hearing testimony, *see* AR 21-22.

The Commissioner's reliance on *Ramsey v. Commissioner of Social Security* is not persuasive. 830 Fed. App'x at 39. The Commission asserts that because the ALJ did not "reject" the state agency medical consultant assessments of Plaintiff's RFC – but merely deviated from them to apply *greater* functional limitations – the RFC did not impermissibly substitute his own lay judgment for competent medical opinions. Def.'s Mem. at 16. However, the Court finds that the reasoning in *Ramsey* is not applicable here. It is not clear from the record in this case that the ALJ merely "discounted *portions* of medical opinions," *Ramsey*, 830 Fed. App'x at 39 (emphasis added), rather than its entirety – which would result in a gap in the record, *cf Dalana F. v. Comm'r of Soc. Sec.*, 20-CV-0855 (MWP), 2021 WL 4260440, at *4 (W.D.N.Y. Sept. 20, 2021) (finding that *Ramsey* was inapplicable where there was no formal RFC determination in the record and the

9

ALJ failed to acknowledge notations in medical records reflecting work-related capacities). Here, the ALJ stated that he was "not persuaded by the opinions of Dr. Mendonca and Dr. Shahinian because they overstate the claimant's abilities . . . [and] the overall record is consistent with further exertional restrictions." AR 22. In *Ramsey*, the ALJ's RFC determination that the plaintiff "had no significant functional limitations" was consistent with both the consultative examiner's RFC determination and Plaintiff's treating physician. *See Ramsey v. Saul*, 18-CV-00430 (LGF), 2019 WL 4051698, at *3 (W.D.N.Y. Aug. 26, 2019), *aff'd sub nom. Ramsey*, 830 F. App'x 37. Neither the circuit nor the district court opinions indicate that the ALJ rejected or in any way found the RFC determination to be unpersuasive – rather, upon consideration of the record as a whole, the ALJ added the restriction that Plaintiff was limited in her ability to interact with the general public. *Id.* at *4; *see Ramsey* 380 F. App'x 37; *see also Dawn P. v. Comm'r of Soc. Sec.*, 22-CV-00084 (MJR), 2025 WL 1466065, at *3 (W.D.N.Y. May 22, 2025) (affirming RFC finding where ALJ, relying on one "persuasive" and one "partially persuasive" medical opinions, imposed additional restrictions than outlined in the latter opinion). That is not the case here. Unlike *Ramsey*, the ALJ found the RFC determination, and more specifically her physical exertional limitation, was not consistent with the record as a whole. The ALJ did not simply impose certain *additional* restrictions which he found to be appropriate based on the record, but wholesale rejected Plaintiff's RFC assessment and turned to bare medical evidence in the record. *See* AR 22.

However, medical sources that do not assess a Plaintiff's functional capacity or limitations are considered "bare medical findings," *Van Dyne v. Saul*, 20-CV-260 (MKB), 2021 WL 1210460, at *15 (E.D.N.Y. March 31, 2021), which "an ALJ is not qualified to assess," *Hogans v. Comm'r of Soc. Sec.*, 19-CV-02737 (SDA), 2020 WL 5496114, at *13 (S.D.N.Y. Sept. 11, 2020) (citation omitted). In other words, "where the medical findings in the record merely diagnose the claimant's

exertional impairments and do not relate these diagnoses to specific residual functional capacities such as those set out in 20 C.F.R. § 404.1567(a) the Commissioner may not make the connection himself." *Buonsignore v. Comm'r of Soc. Sec.*, 20-CV-4582 (MKB), 2022 WL 4121378, at *14 (E.D.N.Y. Sept. 9, 2022) (cleaned up). "An ALJ may not base [his] RFC determination on treatment notes, where . . . the notes primarily describe the claimant's impairments, symptoms, and treatment." *Ramirez v. Saul*, 20-CV-2922 (NSR) (JCM), 2021 WL 4943551, at *12 (S.D.N.Y. July 2, 2021), *report and recommendation adopted*, 2021 WL 4264253 (S.D.N.Y. Sept. 20, 2021) (citations omitted). Here, as in *Ramirez v. Saul*, Plaintiff's treatment notes and examinations do not provide "insight into how [Plaintiff's] impairments affect or do not affect her ability to work" or "shed any light on [her] residual functional capacity." *Compare Guillen v. Berryhill*, 697 F. App'x 107, 108-09 (2d Cir. 2017) (remanding for failure to develop the record where ALJ failed to obtain medical source statement), *with Tankisi*, 521 F. App'x at 34 (affirming Commissioner's RFC determination, under the "specific facts of this case," where "extensive" and "voluminous" medical records contained limitation assessment from treating physician). "While medical source statements are not required in all cases," *see Tankisi*, 521 F. App'x at 33-34, "'[t]he critical point' is that the Plaintiff's medical records must otherwise contain 'the sorts of nuanced descriptions and assessments that would permit an outside reviewer to thoughtfully consider the extent and nature' of the Plaintiff's physical impairments and 'their impact on her RFC.'" *Mirna C. v. Kijakazi*, 21-CV-1296 (MPS), 2022 WL 4285694, at *5 (D. Conn. Sept. 16, 2022) (quoting *Sanchez v. Colvin*, 13-CV-6303 (PAE), 2015 WL 736102, at *8 (S.D.N.Y. Feb. 20, 2015)). Plaintiff's records in this case contain limited commentary on her physical limitations, none of which provide the necessary context to allow a reader to reliably assess her capacity to work on a continuing basis. Thus, by rejecting the RFC findings in the record, the ALJ made his physical

RFC determination without a medical advisor's assessment. Such a determination is "not supported by substantial evidence." *Hogans*, 2020 WL 5496114, at *13 (rejection of opinion evidence as to plaintiff's RFC created a gap in the record); *see Ortiz v. Colvin,* 298 F. Supp. 3d 581, 586-87 (W.D.N.Y. 2018) (same); *Izzo v. Saul*, 18-CV-9681 (NSR) (JSM), 2019 WL 8989863, at *17-18 (S.D.N.Y. Dec. 9, 2019) (finding that ALJ erred by discounting medical opinion evidence and failing to provide opinions on plaintiff's limitations or function by function assessments, which resulted in a gap in the record and an RFC determination not supported by substantial evidence).

Further, the Commissioner does not argue, and the Court does not find, that this is a case where the ALJ could permissibly render a "common sense judgement about functional capacity even without a physician's assessment" because "the medical evidence shows relatively little physical impairment." *Van Dyne*, 2021 WL 1210460, at *14. The ALJ identified multiple severe physical and mental impairments including Lyme disease, neuropathy, major depressive disorder, and panic disorder, and recognized significant physical limitations. AR 21-22.

Moreover, in rejecting the only medical opinion on Plaintiff's physical RFC in the record and failing to order a consultative exam, the ALJ's conclusion about Plaintiff's RFC based on her ability to perform daily activities was itself not supported by substantial evidence. *See Claudio-Montanez v. Kijakazi*, 21-CV-2027, 2022 WL 17819123, at *3 (2d Cir. Dec. 20, 2022) (finding that ALJ's reliance on some of claimant's daily activities, while rejecting others, was not substantial evidence to reject medical provider's opined restrictions). Further, the ALJ appears to have mischaracterized Plaintiff's testimony. The ALJ found in part that Plaintiff was the "primary care giver for her two school-aged children," AR 19-23, but Plaintiff's own testimony and her

Adult Function Reports repeatedly note that both her sister and fiancé provide significant assistance in caring for the children, AR 43, 51, 54, 262-75.

Finally, Plaintiff points out that the ALJ's alternative step-five finding, that Plaintiff could perform the sedentary jobs of addresser, microfilming document preparer, and cutter and paster, was error because those jobs are obsolete under the SSA's rules.  Pl.'s Mem. at 13.  On June 22, 2024, the SSA issued Emergency Message 24027, which stated that an adjudicator may not cite these three jobs, among others, to support a "not disabled" determination without additional evidence that: (a) its requirements are consistent with the individual's RFC, and (b) it exists in the national economy in numbers that alone, or in combination with work in other cited occupations, are significant.[4]  The Commissioner does not dispute that these jobs are now obsolete but asserts the ALJ's error was harmless because Plaintiff can perform the specified light occupations.  *See* Defs.' Mem. at 24.  Thus, because the ALJ's determination that Plaintiff could perform certain light work was not based upon substantial evidence, the error was not harmless.

Accordingly, by rejecting the only physical RFC determination in the record, the ALJ created a gap in the record which he had an obligation to make every reasonable effort to fill.  *See Delgado v. Berryhill*, 17-CV-54 (JCH), 2018 WL 1316198, at *10 (D. Conn. Mar. 14, 2018) (remanding where "the absence of a complete and reliable functional assessment of [the plaintiff's] physical limitations is an obvious gap").

## 2. Mental RFC

Next, Plaintiff argues that the ALJ's mental RFC determination failed to fully incorporate the moderate mental limitations as opined by Drs. Borges and Blum, the state agency psychological consultants.  Pl.'s Mem. at 13.  Plaintiff argues that although the ALJ was "generally

---

[4] https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM.

persuaded" by those opinions, he failed to credit them fully and to explain on the face of the decision how he formulated Plaintiff's mental limitations – thus constituting reversible error. *Id.* at 14-15. Plaintiff seems to contend that the ALJ erred by failing to find that Plaintiff might need to be off task during the workday. *See id.* The Commissioner responds that the moderate mental limitations found by Dr. Borges and Dr. Blum are not inconsistent with the ALJ's RFC finding. Def.'s Mem. at 20. Further, to the extent Plaintiff seeks an off task limitation, the Commissioner asserts that there is no basis for the ALJ to have entered an off task limitation because (1) moderate mental limitations do not warrant such limitations, and (2) Plaintiff's examinations did not reflect behavioral or cognitive defects.

The ALJ was "generally persuaded by the opinions of Dr. Borges and Dr. Blum" and found that their conclusions that Plaintiff had moderate work-related mental restrictions, but retained the ability to perform simple tasks was "consistent with the overall record, which . . . does not suggest the need for off task time or marked limitations." AR 23. Relevant to Plaintiff's argument, Dr. Borges and Dr. Blum both opined that Plaintiff was "moderately limited" in her "ability to understand and remember detailed instructions," her "ability to carry out detailed instructions," her "ability to maintain attention and concentration for extended periods," her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," her "ability to interact appropriately with the general public," and "the ability to set realistic goals or make plans independently of others." AR 75-76, 86-87. Both found her able to perform simple tasks. AR 76, 88.

Dr. Borges' and Dr. Blum's opinions do not necessitate greater functional limitations than determined by the ALJ. While they both opined that Plaintiff had moderate functional limitations

14

in all four categories, including sustained concentration and persistence, the Second Circuit has held that a limitation to unskilled work adequately accounts for a claimant's moderate limitations in maintaining concentration, persistence, and pace. *McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014). Indeed, numerous courts in this Circuit have held that an RFC's restriction to "simple, routine tasks" accounts for moderate mental limitations. *Difiglia v. Comm'r of Soc. Sec. Admin.*, 22-CV-6825 (KAM), 2024 WL 1332502, at *16 (E.D.N.Y. Mar. 28, 2024); *see, e.g.*, *Melissa L. v. Comm'r of Soc. Sec.*, 20-CV-06667 (EAW), 2022 WL 593452, at *5-6 (W.D.N.Y. Feb. 28, 2022) (collecting cases); *Shannon v. Berryhill*, 16-CV-06796 (MAT), 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018) (finding no error in ALJ's rejection of portions of opinions related to ability to maintain a regular schedule, as the ALJ still limited Plaintiff to "simple, routine tasks" and "working primarily alone, with only occasional supervision"); *Landers v. Colvin*, 14-CV-1090S (WMS), 2016 WL 1211283, at *4 (W.D.N.Y. Mar. 29, 2016) (restriction to "'simple, repetitive, and routine tasks' account[ed] for Plaintiff's limitations [in] maintaining attention and concentration, performing activities within a schedule, and maintaining regular attendance"); *Sipe v. Astrue*, 873 F. Supp. 2d 471, 478, 481 (N.D.N.Y. 2012) (finding that moderate limitations in "relating to instructions, concentration, attendance" were consistent with unskilled work involving "simple and some detailed tasks"); *see also Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) ("None of the clinicians who examined [the plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations. Although there was some conflicting medical evidence, the ALJ's determination that Petitioner could perform . . . unskilled work was well supported.").

The ALJ's failure to specifically explain and fully discuss each of the moderate mental limitations discussed in the opinions is not reversible error. Plaintiff cites several cases for the

proposition that the ALJ's silence as to whether Plaintiff would need to be off task in determining her mental RFC is improper. *See* Pl.'s Mem. at 14-15. However, each of those cases was remanded where there was either specific testimony in the record as to the claimant's need for time off task, but the ALJ failed to address the issue, or where the ALJ imposed a specific amount of time off task which was not supported by the record.[5] Here, Plaintiff has not cited to any evidence in the record that she required significant time off task. As such, Plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence. Accordingly, the Court finds that the mental portion of the RFC determination is supported by substantial evidence, and remand is not warranted on this basis.

---

[5] *See Lopez v. Kijakazi*, 20-CV-02263 (EK), 2021 WL 4463288, at *3 (E.D.N.Y. Sept. 29, 2021) (finding ALJ erred by failing to address time-off task in light of record testimony indicating that the claimant would need to be off task "between 3 to 5 times per day, for up to 2 hours" for bathroom breaks); *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ's finding that medical examiner's testimony that claimant required 10 percent off task time during the work day translated into "six minutes out of every hour" was not based on substantial evidence); *Bell v. Saul*, 20-CV-2392 (MKB), 2021 WL 4248845, at *4, 9 (E.D.N.Y. Sept. 17, 2021) (finding ALJ erred in concluding claimant would be off task for only five percent of time without addressing inconsistent record evidence; consultative examiner opined that claimant "might require scheduled interruptions due to her history of headaches"); *Wouters v. Comm'r of Soc. Sec.*, 19-CV-610 (FPG), 2020 WL 2213896, at *3 (W.D.N.Y. May 7, 2020) (ALJ's specific time off task finding was not supported by the record; "If the ALJ believed that an off task limitation was necessary, she should have obtained a medical opinion supporting such a limitation."); *Cheek v. Comm'r of Soc. Sec.*, 18-CV-01455 (EAW), 2020 WL 2028258, at *5 (W.D.N.Y. Apr. 28, 2020) (same); *Silkowski v. Comm'r of Soc. Sec.*, 18-CV-6727 (LJV), 2020 WL 1493951, at *7 (W.D.N.Y. Mar. 27, 2020) (where doctor opined that plaintiff frequently required opportunities to change position, ALJ erred by concluding that five minutes every hour was sufficient without any explanation); *Annis v. Comm'r of Soc. Sec.*, 18-CV-1276 (LJV), 2019 WL 6875231, at *4, 9-11 (W.D.N.Y. Dec. 17, 2019) (remanding where ALJ's determination that claimant could be off task for 5 percent of the workday was not supported by substantial evidence; ALJ rejected medical expert opinion that claimant would need to be off task for more than 30 percent of workday, and instead substituted his own lay opinion).

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for judgment on the pleadings, is granted in so far as Plaintiff seeks remand for further development of the record, and the Commissioner's motion for judgment on the pleadings is denied.

The Clerk of the Court is directed to close this case.

SO ORDERED.

_/s/_
ORELIA E. MERCHANT
United States District Judge

July 21, 2025
Brooklyn, New York